# Caldwell *v.* The State.

## *Bigamy.*

(Decided May 29, 1906.　41 So. Rep. 473.)

1. *Indictment; Formal Requisites; Venue; Statutes.*—Under the provisions of Section 4902, Code 1896, it is not necessary to aver in an indictment for bigamy where the bigamous cohabitation occurred, either as to state or county.

2. *Bigamy; Evidence; Admissibility.*—Where it was shown by witness that defendant had made a prior marriage, it was competent to show acts, declarations or admissions of defendant in recognition of the alleged first wife as his legal wife.

[Caldwell v. The State.]

3. *Witnesses; Confidential Communications; Husband and Wife.*—A leter containing no facts of a confidential nature from accused to one whom he addressed as his wife and signed, "your loving husband," is admissible in evidence as against objections that it was a confidential communication between husband and wife, where the letter was properly identified.

4. *Indictment; Allegation; Proof; Variance.*—An indictment alleging the name of the former wife as "Lydia E." is supported by proof that her name was "Liddie E."

APPEAL from Elmore Circuit Court.
Heard before HON. S. L. BREWER.

The defendant was indicted and convicted of bigamy, in that he unlawfully married one Lydia Edwards, having a wife then living. Demurrer was interposed to the indictment, for failing to show that the co-habitation as therein charged, occurred in the state of Alabama.

F. LOYD TATE, and PEARSON & RICHARDSON, for appellant.—The court erred in allowing letters to be introduced written by the defendant to his wife in South Carolina.—*Owen v. The State,* 78 Ala. 429; *Beveridge v. Minter,* 1 C. & P. 364; *Wottrich v. Freeman,* 71 N. Y. 601; *Caffin v. Jones,* 13 Pick. 441; *Brown v. Wood,* 121 Mass. 137; *Westerman v. Westerman,* 25 Ohio St. 500; *State v. Holley,* 3 Dev. and Bat. 110; *Swope v. State,* 115 Ala. 40.

MASSEY WILSON, Attorney General, for the State.—The demurrer was properly overruled.—*Toole v. State,* 89 Ala. 131; *Noles v. State,* 24 Ala. 672. The letters written by defendant were properly admitted, the predicate therefor was sufficient.—*Miller v. State,* 110 Ala. 69; *Williams v. State,* 113 Ala. 58. The letters were admissible as tending to show the first marriage and its recognition by the defendant. They were confidential communications only so long as they remained in the possession of either the husband or the wife.—23 Am. & Eng. Ency. of Law, 94; *Scott v. Commonwealth,* 42 Am. St. Rep. 371; *Selden v. State,* 17 Am. St. Rep. 144. When such letters have come into the hands of a third person, they may be produced in evidence—23 Am. & Eng. Ency. of Law, 97; *State v. Buffington,* 20 Kansas, 599, 27 Am. Rep. 193; *Lloyd v. Pennie,* 50 Fed. 4; *Peo-*

[Caldwell v. The State.]

*ple v. Hayes,* 140 N. Y. 484, 37 Am. State Rep. 572; *States v. Mathers,* 64 Vt. 101, 33 Am. St. Rep. 921; *Tucker v. People,* 122 Ill. 583, 13 N. E. 809; *Commonwealth v. Haden,* 40 N. E. 846; 5 Cyc. 402.

The testimony of the witness Robbins was properly admitted.—*Whatley v. State,* 39 So. 1014. Charges 2, 4, 5, 7 and 20 were properly refused.—*Banks v. State,* 39 So. Rep. 921. The question as to the name of the wife was for the jury. Charge 18 was properly refused.— *Liner v. The State,* 124 Ala. 1.

WEAKLEY, C. J.—It was not necessary to aver in the indictment that the bigamous cohabitation occurred in this state, or within the county of Elmore. Said averment is dispensed with by § 4902 of the criminal code of 1896. The proof of venue was abundant.

The witness Wingo, a brother of the first and legal wife, gave evidence, which if believed beyond a reasonable doubt, proved defendant's marriage to his sister in South Carolina in 1899, his living with her as husband, and that she was still living at the time of the trial. For the purpose of supplementing this evidence, it was competent to prove acts declaratory or admissions of the defendant in recognition of the alleged first wife as his legal spouse. The witness Wingo produced and identified certain letters written by defendant to the sister of the witness, addressed to Mrs. Minnie Caldwell, and in which the defendant called her his wife and subscribed himself as her loving husband. The only tendency of the letters was to show the relation of husband and wife between the parties, and thus lay the predicate for the charge that the defendant's second marriage was illegal. There was no fact of a private or confidential nature disclosed by the letters; and hence we do not think, under the circumstances of this case, that the admission in evidence of the letters, coupled with the testimony of the witness Wingo, who saw them when delivered by the post, violated the rule against allowing proof of confidential and private communications between husband and wife, not intended to be made public. We are unable to reach the conclusion that any public policy would be infringed or the peace of the family disturbed by showing that the hus-

band had written his wife letters, when absent from home, in which he spoke of himself as her loving husband. No error was committed in allowing proof of the letters. They were competent for the purpose and upon the considerations above stated.

There was no material variance between the names "Lydia" and "Liddie." Greater differences between names than this have been held immaterial, both by this and other courts. The case is within the rule of idem sonans. The accent or emphasis in each name is upon the first syllable. Every one knows how in rapid utterance final vowels and final syllables consisting of single vowels are slighted; and, if the two names were spoken according to the usual manner and with the usual rapidity, it would be very difficult to distinguish them. The point of difference is entirely too imperceptible to raise any question of importance.—*Edmundson v. State,* 17 Ala. 179, 52 Am. Dec. 169. In *Dickson v. State,* 34 Tex., Cr. 1, 28 S. W. 815, 30 S. W. 807, 53 Am. St. Rep. 694, it was held that the name "July" and "Julia" were the same sound. Any one interested in pursuing the subject further will find a most excellent note, with a full collection of the cases, in 100 Am. St. Rep. 322, 354. The cases manifest an increasing tendency on the part of the courts to ignore slight differences in names, raising questions devoid of substantial merit.

The court charged the jury more favorably to the defendant than was his due. It might have held as a matter of law that no variance appeared in the matter of the name of the woman with whom he (defendant) cohabitated under his second marriage. We have examined the other rulings, although not argued in brief of appellant's counsel, and we find no reversible error in any of them. There was no conflict in the evidence. The defendant made no pretense of any defense further than an effort to show the name of the second wife was "Liddie Edwards," instead of "Lydia Edwards," and no jury could have properly done otherwise than find him guilty. The trial court might well have charged the jury, upon written request, to convict him if they believed the evidence beyond a reasonable doubt.

Affirmed.

HARALSON, DOWDELL and DENSON, JJ., concur.