219 So.2d 377

Freddie Eugene SQUARE, Jr.

v.

STATE of Alabama.

I Div. 461.

Supreme Court of Alabama.

Nov. 14, 1968.

Rehearing Denied Feb. 6, 1969.

Second Rehearing Denied March 6, 1969.

Gordon B. Kahn and Irwin W. Coleman, Jr., Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

Under the automatic appeal statute, defendant appeals from conviction for first degree murder with sentence of death.

Counsel for defendant raise the point that the court erred in admitting into evidence, over defendant's objection, an alleged confession made by defendant to police officers after he had been arrested. A police officer testified that a warning as to his constitutional rights against self-incrimination was given to defendant as follows:

"Q. What was it that was read to him in your presence?

"A. I have a copy of one just like it that was read to him. Up at the top it says, your rights, place, date, and time. Before we ask you any questions you must understand your rights. You have the right to remain silent. Anything you say can be used against you in Court. You have the right to talk to a lawyer for advice before we ask you any questions, and to have him with you during questioning. You have this right to the advice and presence of a lawyer even if you cannot afford to hire one. We have no way of giving you a lawyer, but one will be appointed for you, if you wish, if and when you go to Court. If you wish to answer questions now without a lawyer present, you have the right to stop answering questions at any time. You also have the right to stop answering at any time until you talk to a lawyer. Waiver. I have read the statement of my rights shown above. I understand what my rights are. I am willing to answer questions and make a statement. I do not want a lawyer. I understand and know what I am doing. No promises or threats have been made to me and no pressure of any kind has been used against me.

It is signed and witnessed with the time and date.

"Q. All of that was read to him in your presence, Nocky?

"A. Twice.

"Q. Did he appear to understand it?

"A. Yes, sir.

"Q. Did he make a demand for an attorney?

"A. No, sir."

Defendant says the so-called warning is defective in that defendant is not advised that the state will provide a lawyer to represent and advise defendant and to be present at and prior to the questioning if defendant desires a lawyer at that time.

Defendant's point is well taken. The warning read to defendant not only does not say to defendant that the state will provide a lawyer for him prior to any questioning, but does state:

" . . . . We have no way of giving you a lawyer, but one will be appointed for you, if you wish, *if and when you go to Court.* . . . ." (Emphasis Supplied)

The italicized clause suggests that a lawyer will be provided only if defendant goes to court and negates the idea that a lawyer will be appointed "prior to any questioning."

The Supreme Court of the United States has said:

" . . . . Thus, the need for counsel to protect the Fifth Amendment privilege comprehends not merely a right to consult with counsel prior to questioning, but also to have counsel present during any questioning if the defendant so desires.

". . . . . .

"To summarize, we hold that when an individual is taken into custody or otherwise deprived of his freedom by the authorities and is subjected to questioning, the privilege against self-incrimination is jeopardized. Procedural safeguards must be employed to protect the privilege, and unless other fully effective means are adopted to notify the person of his right of silence and to assure that the exercise of the right will be scrupulously honored, the following measures are required. *He must be warned prior to any questioning* that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney *one will be appointed for him prior to any questioning* if he so desires. Opportunity to exercise these rights must be afforded to him throughout the interrogation. After such warnings have been given, and such opportunity afforded him, the individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement. But unless and until such warnings and waiver are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him." (Emphasis Supplied) Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 1625, 1630, 16 L.Ed.2d 694, 10 A.L.R.3d 974, 1009, and 1014.

Recently, in Lathers v. United States, 5 Cir., 396 F.2d 524, 535, the court said:

"The *Miranda* warning must effectively convey to the accused that he is entitled to a government-furnished counsel here and now. If the words are subject to the construction that such counsel will be available only in the future, *Miranda* has not been obeyed. . . . ."

Without further extending this opinion, we hold that the warning given to defendant in the instant case was insufficient under *Miranda* and the court erred in admitting the confession.

Other questions will probably not arise on another trial.

Reversed and remanded.

LIVINGSTON, C. J., and HARWOOD and KOHN, JJ., concur.

## ON REHEARING

COLEMAN, Justice.

In brief on application for rehearing, the state cites McCants v. State, 282 Ala. 397, 211 So.2d 877, where six justices of this court, including the writer, agreed that a confession had been admitted into evidence against a defendant without error.

In McCants, the warning given to defendant prior to his confessing was substantially the same as the warning given in the instant case and contained the following statement:

" ' * * * We have no way of giving you a lawyer, but one will be appointed for you, if you wish, if and when you go to Court. * * * ' " (282 Ala. at page 399, 211 So.2d at page 878)

In the instant case, defendant was indigent and was represented by court-appointed counsel in the trial court and in this court. In McCants, defendant was not indigent. The opinion indicates that on August 20th, defendant's mother had told Detective Bell that she had contacted the attorney who did represent defendant, both in the trial and on appeal, and had left a fee at the attorney's office. The confession was made on August 22nd, after the warning had again been read to defendant and after he had signed the waiver when members of his family were present. His sister signed as a witness. Where defendant's family had already employed counsel to represent him, he could scarcely have been mislead by the statement that a lawyer would be appointed "if and when you go to

Court." The situation is different in the instant case.

Opinion extended.

Application overruled.

All the Justices concur.