258 So.2d 910

**James O. JONES, alias**

**v.**

**STATE.**

**7 Div. 18.**

Court of Criminal Appeals of Alabama.

Feb. 29, 1972.

Thomas E. Davis and E. L. Roberts, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and Robert E. Morrow, Asst. Atty. Gen., for the State.

ALMON, Judge.

James O. Jones was found guilty by a jury of second degree burglary and sentenced to five years in the penitentiary.

On the night of July 9, 1968, the Red Hill Methodist Church in the Ivalee Community in Etowah County was broken into. An inventory the next day revealed that certain office equipment had been taken.

The appellant was arrested on July 11, 1968, by Deputy Sheriff Don Edwards and placed in the Etowah County jail. Testimony taken at a hearing outside the presence of the jury on the question of the voluntariness of his alleged confession revealed that either the same day of his arrest or the next, the appellant was questioned by Deputy Edwards. According to Edwards' testimony, before any questioning began, he gave the appellant the following warning as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694:

"You have the right to remain silent, and anything that you say can and will be used against you in a court of law. You have the right to talk to a lawyer and have him present while you are being questioned. If you can't afford to hire a lawyer, one will be appointed to represent you before any questions, if you wish to have one."

After this warning was given the appellant replied that he had not done anything and would not need a lawyer. This interview revealed nothing incriminating and appellant denied any knowledge of or connection with the burglary. The following day appellant was again questioned by Edwards. On this occasion the appellant made several incriminating statements. He admitted going to the church with others but denied going into the church. The *Miranda* warning was not again given to appellant before this second interrogation.

At the hearing outside the presence of the jury appellant denied any involvement in the commission of the burglary and denied making the incriminating statements to Edwards.

Two contentions are asserted on appeal. First, the *Miranda* warning given was inadequate because it failed to sufficiently convey to the appellant that an attorney would be appointed prior to interrogation. And, second, that the failure of Deputy Edwards to give the appellant the *Miranda* warning before the second interrogation rendered inadmissible any statements made by the appellant during the second interrogation.

 The second sentence in the above warning does seem to indicate that the appellant is entitled to have an attorney present *while* he is being questioned. However, the third sentence which includes the phrase, "one will be appointed to represent you before any questions," is suffi-

ciently clear to convey to the appellant that he had the right to confer with an attorney *before* any questions and then to decide upon his course of action. We conclude that there is no merit in this contention. No precise language is required as long as the substance of the *Miranda* warning is given. Penn v. Commonwealth, 210 Va. 242, 169 S.E.2d 427; State v. Williams, 1 Or.App. 30, 458 P.2d 699; United States v. Vanterpool, 394 F.2d 697 (2nd Cir.). This holding is clearly distinguishable from that in Square v. State, 283 Ala. 548, 219 So.2d 377.

■ Appellant's second contention raises the question as to whether an accused must be given an adequate *Miranda* warning before each separate interrogation after a valid waiver of his right to counsel has been made. As a general proposition we think not, particularly under the facts here presented.

In Davis v. State, 44 Ala.App. 145, 204 So.2d 490, the following statement was made:

"Appellant claims that he was not informed by the officers of his right to remain silent. Lt. Clark stated in his testimony that he advised appellant of this right, though not after the first occasion. If Lt. Clark failed to inform appellant of his rights at each interrogation, then this is a violation of appellant's right to remain silent. Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Escobedo v. Illinois, 378 U.S. 478, 84 S. Ct. 1758, 12 L.Ed.2d 977."

It should be noted that the *Davis* case was reversed on the totality of the circumstance rule and it is not clear how much emphasis the court placed on Lt. Clark's failure to so inform the defendant on each occasion.

Moreover, the requirements of *Miranda* apply only to trials occurring after June 13, 1966. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. Trial in the *Davis* case, supra, began on September 22, 1965, before the effective date of *Miranda*. Therefore, the above quoted statement in *Davis* is premature. To the extent that *Davis* is inconsistent with this holding, it is considered overruled.

■ Whether the *Miranda* warning should be given before each interrogation must depend upon the circumstances of each case. The length of time and the events which occur between interrogations are relevant matters to consider.

In support of our conclusion see In re Steven C., 9 Cal.App.3d 255, 88 Cal.Rptr. 97; People v. Hill, 39 Ill.2d 125, 233 N.E. 2d 367; Miller v. United States, 396 F.2d 492 (8th Cir.); Tucker v. United States, 375 F.2d 363 (8th Cir.), cert. denied 389 U.S. 888, 88 S.Ct. 128, 19 L.Ed.2d 189.

In People v. Hill, supra, the court stated:

"It should be made clear that once Miranda's mandate was complied with at the threshold of the questioning it was not necessary to repeat the warnings at the beginning of each successive interview. To adopt an automatic second-warning system would be to add a perfunctory ritual to police procedures rather than providing the meaningful set of procedural safeguards envisioned by *Miranda*."

Some courts take this position even when the sessions are days apart. See Maguire v. United States, 396 F.2d 327 (9th Cir.), (warning three days earlier held sufficient); State v. Magee, 52 N.J. 352, 245 A.2d 339 (warning two and a half days earlier held sufficient).

Finding no error in the record, the judgment appealed from is due to be and is hereby

Affirmed.

PRICE, P. J., and CATES and TYSON, JJ., concur.