BOOKOUT, Judge.
Robbery; sentence: twelve years imprisonment.
The sole issue in this appeal is whether the Miranda warning given the appellant prior to his inculpatory statement to police officers was legally sufficient. The warning, which was- read to the appellant, read by him and also signed by him, is as follows :
“YOUR RIGHTS
"Place Saraland P.D._
Date December 3, 1974
Start Time 4:30 P.M,
End Time 5:05 P.M.
“Before we ask you any questions, you must understand your rights.
“You have the right to remain silent.
“Anything you say can and will be used against you in Court.
“You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.
“If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.
“If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.
“WAIVER OF RIGHTS
“I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises, threats, or inducements have been made to me and no pressure or coercion of any kind has been used against me.
"SIGNED Patrick Batteaste
"WITN ESS Frank Mann
"WINESS T. Earl Uptagrafft
"WITNESS_
“Note: At 4:25 P.M. December 3, 1974, Patrick Batteaste called Lt. F. Mann back to his cell and stated that he wished to make a statement concerning his part in the robbery.”
A predicate was laid as to the voluntariness of the appellant’s statement as well as to the Miranda warning being given to him outside the presence of the jury. The trial court ruled appellant’s inculpatory statement to be admissible. In that statement, he admitted to being an accomplice to the robbery by assisting and planning the robbery and driving the get-away car although he did not personally hold the weapon on the victim and take the money.
Appellant contends the Miranda warning was defective in two areas. We quote from appellant’s brief:
“. . . First, it fails to inform the appellant that a lawyer would be appointed for him free of charge. Secondly, the document fails to inform the appellant that he has the right to stop answering at any time after he starts answering questions until such time as he can have the PRESENCE of a lawyer with him during questioning.”
Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, in its exact wording requires:
“In order fully to apprise a person interrogated of the extent of his rights under this system then, it is necessary to warn him not only that he has the right to consult with an attorney, but also that if he is indigent a lawyer will be appointed to represent him .
*834 ******
“. . . [I]f police propose to interrogate a person they must make known to him that he is entitled to a lawyer and that if he cannot afford one, a lawyer will be provided for him prior to any interrogation. . . .”
The verbiage used by the United States Supreme Court in Miranda does not require the use of the words “free of charge.” We conclude that the verbiage in the instant statement, “If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish,” fully complies with the requirement on that point set forth in the Miranda decision.
Appellant’s second allegation is not well taken. The warning given him clearly stated, “You also have the right to stop answering at any time until you talk to a lawyer.”
Appellant contends that the instant case is governed by Square v. State, 283 Ala. 548, 219 So.2d 377 and Trott v. State, 51 Ala.App. 40, 282 So.2d 392. Both Square and Trott were properly distinguished from this case in the State’s brief. Square was informed, “‘. . . . We have no way of giving you a lawyer, but one will be appointed for you, if you wish, if and when you go to Court. . . .’” The appellant, Batteaste, was offered an attorney prior to interrogation or at any time during interrogation, whenever he wished. He was not told that there was no way of providing him with an attorney as was the case in Square.
In the Trott case, the defendant was not advised that an attorney could be provided him prior to questioning. Neither was he advised that an attorney would be appointed for him if he could not afford one. Appellant in the instant case was clearly and unequivocally advised of both such rights.
We have reviewed the entire record as required by statute and find no error committed by the trial court prejudicial to the appellant.
AFFIRMED.
TYSON, HARRIS and DeCARLO, JJ., concur.