HARRIS, Judge.
Appellant was put to trial upon a two-count indictment charging (1) burglary in the second degree, and (2) grand larceny. Prior to arraignment it was determined that appellant was indigent and counsel was appointed to represent her. At arraignment she pleaded not guilty. The jury returned a general verdict finding appellant guilty as charged. The Court sentenced her to three years imprisonment in the penitentiary. She gave notice of appeal and was furnished a free transcript and trial counsel was appointed to represent her on this appeal.
The evidence for the State is not disputed that on the night of January 11,1976, the B & R Grocery Store located at 400 Cadiz Street in the city of Andalusia, Alabama, was broken into. The store was owned and operated by Mr. Donnie Hugh Sellers. When Mr. Sellers arrived at his store on the morning of January 12, 1976, he found that the hasp and lock on the front door were broken and the inside bolt had been removed from the back door. He immediately called the Andalusia Police Department and did not touch anything until the police officers came to his store. After the officers arrived, Mr. Sellers took inventory and discovered that one automatic twelve-gauge shotgun was missing. Also missing were, nine cases of beer, fifteen cartons of cigarettes, fifteen Bic disposable type lighters, five pocketknives, Vienna sausage, a five-pound stick of bologna and various kinds of cookies. He testified that the shotgun was worth $100.00 and the nine cases of beer were worth $65.00.
Police Officer Joe Sanders was assigned to investigate the burglary and Officer Shakespear was assigned to assist him. An intensive investigation led to the arrest of eight persons, including appellant. Four of the arrested persons were juveniles. Officer Sanders arrested appellant at her sis *167 ter’s house and gave her the Miranda rights and warnings. He then carried her to the Andalusia jail. The next day he brought her from the jail to the Sheriff’s Office and asked her if she remembered the rights that he had read to her at the time she was arrested, and she replied that she remembered her rights. At this point there was a voir dire hearing out of the presence and hearing of the jury.
At the voir dire hearing Officer Sanders testified that when he arrested appellant, he gave her the Miranda rights and warnings, and he asked her if she understood her rights and she responded by saying “yes”. The next day Sanders had another conversation with appellant and before asking her any questions, he asked her if she still remembered and understood her rights and she responded in the affirmative. Sanders further testified that neither he nor anyone in his presence or hearing threatened or abused appellant in any way, nor offered her any reward or hope of reward to persuade her to make a statement. That no promises or other inducements of any kind were made to her to get her to make a statement.
Sanders then related that appellant admitted that she knew they were going to break into the B & R Grocery and that she stood outside to watch and see if anybody was near the store while the men broke into the store. That appellant further told the officer that they carried the beer and food to her home and drank the beer and ate the food. She further stated that the cigarettes and other stolen items were hidden in her loft, and they had a party that night.
Appellant testified at the voir dire hearing and denied telling Officer Sanders she watched while the men and boys broke into the store. On cross-examination appellant admitted she was not mistreated or threatened by the officer to get her to make a statement and that no rewards, promises or other inducements were held out to her to get her to make a statement. She stated that she spoke on her own free will and that she remembered and understood her constitutional rights which were given to her by the officer the night she was arrested.
At the conclusion of the voir dire hearing the trial court ruled that her confession was voluntarily, knowingly and intelligently made.
Before the jury the State laid the proper predicate and appellant’s confession was related to the jury.
All the other seven persons arrested in connection with the burglary of the B & R Grocery Store signed confessions. One co-indictee put appellant as the “look out” at the time of the burglary and his confession was admitted into evidence without objection.
The corpus delicti of the crimes of burglary and grand larceny was clearly established by the testimony of the owner and operator of the store. Appellant’s oral statement was properly read to the jury. Elrod v. State, 281 Ala. 331, 202 So.2d 539.
Appellant contends that reversible error was committed when Officer Sanders did not repeat the Miranda warnings to appellant on the day she was questioned. It is uncontradicted that appellant was given the Miranda rights and warnings the night before when she was arrested. We have held otherwise. Austin v. State, 56 Ala.App. 307, 321 So.2d 272; Jones v. State, 47 Ala.App. 568, 258 So.2d 910.
The sufficiency of the evidence is not presented to us for review. There was no motion to exclude the State’s evidence; there was no request for the affirmative charge; no exceptions were reserved to the Court’s oral charge; no motion for a new trial was filed; and there were no adverse rulings of the trial court on the admission of any evidence which contained merit. Alabama Digest, Criminal Law, <s=>1063(1).
The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.