Theft, second degree; four years.
On or about July 20, 1980, two window air conditioners were taken from the Wesley Chapel Church of God in Marshall County, Alabama. After a reward was offered for information leading to the return of the air conditioners, appellant's wife called a member of the church and said she could produce the air conditioners if the church would not notify the police. After arrangements were made for the return of the air conditioners, the appellant's wife took the air conditioners to a church member's house where sheriff's deputies placed her under arrest. The appellant, claiming that he and his wife had found the air conditioners, heard of the reward, and wanted to return them, was subsequently arrested. The appellant made a statement to law enforcement officers which was introduced at trial, along with the testimony of a co-defendant, Thomas Boozer.
Investigator A.G. Lang of the Marshall County Sheriff's office testified he saw the air conditioners when they were in the trunk of appellant's car and they were "fairly new." Further, he stated he had seen similar air conditioners advertised, new and used, and it was his opinion that the combined value of the two units would exceed five or six hundred dollars.
 I
The appellant contends that the trial court committed reversible error when it refused to allow Thomas Boozer, the co-defendant, to invoke his Fifth Amendment right not to testify after Boozer had pleaded guilty but before he had been sentenced.
Boozer was called by the prosecution as a witness against the appellant and, with his attorney present, he asserted his privilege against self-incrimination. His request to remain silent was denied by the trial court on the grounds that Boozer had waived his right against self-incrimination when he pleaded guilty to the offense charged.
In Beauvoir Club v. State, 148 Ala. 643, 42 So. 1040 (1907), the Supreme Court of Alabama stated:
 "It is undoubtedly the law that a witness cannot be compelled to answer any question the answer to which would tend to incriminate him, or would constitute a necessary link in the chain of testimony *Page 564 
sufficient to convict him of a criminal offense. . . . But the privilege is personal to the witness, and cannot be claimed for him by a party to the suit . . . . and when it is claimed by the witness, and the court rules the witness must answer, and he does answer without further protest from him, notwithstanding the defendant objects and excepts to the court's ruling, the evidence is not illegal as to the defendant, and he cannot review the action of the court here. The witness might have persisted in his refusal to answer, and, if held in contempt, he (the witness) might present the action of the court for review by certiorari, as was done in the Boscowitz Case, [Ex parte Boscowitz, 84 Ala. 463, 4 So. 279, 5 Am.St.Rep. 384]."
[Emphasis added, citations omitted.]
Also in Gamble, McElroy's Alabama Evidence, § 376.03 (3d ed. 1977), we find:
 "An erroneous denial by the trial court of a claim of the privilege by a witness who himself is not a party is not error of which a party can complain on appeal."
Under the foregoing authorities, Boozer was the only one who had the right to invoke the privilege and the only one who had a right to complain that the trial court's action was improper. The appellant could not claim the privilege for Boozer, who was not a party in the case being tried, and cannot maintain error on this point on appeal. During trial the appellant made no objection to the court's ruling regarding Boozer's privilege.
 II
The appellant insists that the trial court committed reversible error when it admitted incriminating out of court statements made by the appellant's wife. He argues that the statements of the wife were hearsay and that the wife's privilege not to testify against her husband was violated.
The complained of testimony appears as follows:
 "A. [By Deputy A.G. Lang] I told Mr. Epps in the presence of his wife and Mr. Teal that his wife had told us —
 "MR. JOHNSON: Judge, I just object to what the wife said at that time. It is clearly based on the truth of what she said, Judge.
"THE COURT: I think not. Overruled.
 "A. His wife had told us about the air conditioners — the two air conditioners — that they were stolen from a church. She named the two people — Mr. Epps was one of them and Mr. Boozer was the other person who had the air conditioners in their presence and brought them to her house.
. . . .
 "Q. All right. After you told Mr. Epps what his wife had told you, did he at that time make any statements to you?
 "A. Mr. Epps made the statement at that time — he said, that is right."
The hearsay rule applies only to a statement offered for the truth of its contents. Meriweather v. Crown Investment Corp.,289 Ala. 504, 268 So.2d 780 (1972). A statement offered for some purpose other than to prove the truth of its factual assertions is not hearsay. Bryant v. Moss, 295 Ala. 339,329 So.2d 538 (1976). See also Cory v. State, Ala.Cr.App.,372 So.2d 394 (1979).
In the present case, the trial judge made it clear that the statement by the wife was not being admitted to prove the truth of her declaration, but to show the appellant's response. From the record:
 "THE COURT: Gentlemen, for the record, although we have gone into some of the conversation of Mrs. Epps directly to Mr. Lang, that obviously would be hearsay. But I am accepting that statement from Mr. Lang to Mr. Epps in the exception to the hearsay rule, being not admitted to be the truth, even if she had not said anything. Even if Mr. Lang was using trickery, which of course, I am not implying that he was, the fact that he made this statement saying that it had come from Mrs. Epps and Mr. Epps had made a response to that statement is the reason this testimony will be admissible."
The record also indicates that, prior to making their statements, both Mr. and *Page 565 
Mrs. Epps had been warned of their constitutional rights perMiranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694
(1966). After being informed of his rights, not only did Mr. Epps not disavow his wife's statement as recounted by Deputy Lang, but he affirmed it as his own. Therefore his response was a confession, not dependent for its admissibility on the truthfulness of his wife's statement, but hinging upon all the standard voluntariness predicates mandated by Miranda v.Arizona, There is no contention here that appellant's statement was not knowingly and voluntarily made, and our own examination of the record convinces us that the Miranda predicates were properly laid.
In our judgment, the marital privilege for confidential communications, see Ala. Code § 12-21-227 (1975), has no application here. The privilege exists only for confidential communications or "acts performed with the confidence of the marriage in mind." Arnold v. State, Ala., 353 So.2d 524, 527
(1977). The marital communication loses its confidential character (and thus its privilege status) if it is made in the presence of third parties. Caldwell v. State, 146 Ala. 141,41 So. 473 (1906).
In the present case, Deputy Lang's rendition of Mrs. Epps' statement indicated that "Mr. Epps . . . and Mr. Boozer . . . had the air conditioners . . . and brought them to her house." Assuming that appellant's bringing the stolen air conditioners to the house where his wife could see them would qualify as an "act performed with the confidence of the marriage in mind," the act lost its confidential and privileged character when it was undertaken in the presence of the co-defendant, Boozer. SeeArnold v. State, supra (defendant's telephone conversation with third-party accomplice, and overheard by defendant's wife, not privileged). We therefore find no error in the trial court's ruling on the admissibility of Deputy Lang's testimony.
Under the facts presented in this case the jury could reasonably conclude that the appellant was guilty of the offense charged.
We have examined the record and no error appears. Therefore the judgment and conviction by the Marshall Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.