Appellant was indicted for the offense of rape in the first degree. After one mistrial necessitated by a dead-locked jury, appellant was tried again and convicted as charged and sentenced by the court to 50 years imprisonment in the state penitentiary.
The prosecutrix testified that she had returned to bed at 7:30 a.m. on March 18, 1981, after seeing her husband and children off to work and school. She was awakened by a hand being clapped over her mouth by a man standing beside the bed. He then straddled her stomach, pinning her to the bed. The man wore panty hose and a mask over his face and was clothed in thermal "long john" bottoms. She noticed the man had an extremely bad body odor. As she struggled, she bit the assailant on the last two fingers of his left hand. He then threatened to beat her if she did not stop screaming. She then hid her face with her hands out of fright and embarrassment and the attacker sexually penetrated her. When he told her he had further plans, she became terrified and told him her sister was *Page 1283 
to arrive shortly. He then got up and told her not to leave the bed for 15 minutes, or he would "get" the prosecutrix and her children. He left the house at approximately 8:45 a.m. She stated she recognized the attacker as appellant, her next-door neighbor, by his voice and by his slumped manner of walking.
The victim's husband testified he returned from work at 10:30 a.m. after receiving a call from his sister-in-law telling him of the attack on his wife. Shortly after he arrived, appellant appeared at his door, asking what, if anything, had happened. Appellant appeared to be trembling, and was so nervous he could hardly speak. He also had a rag wrapped around the last two fingers on his left hand. Appellant told the prosecutrix's husband he had gone to work that day, but had returned home at 9:00 a.m.
Sheriff Grady Rose picked up appellant after receiving the identification from the prosecutrix. Sheriff Rose stated the appellant had a strong odor about him. Appellant had a band aid which covered a jagged cut on his left little finger, as well as scratches on his arms. After obtaining written permission from appellant to search his house, the Sheriff found the bottom portion of a pair of thermal underwear in the bathroom showing what appeared to be bloodstains.
Blood samples from the victim's sheets and semen stains found on the victim's clothing matched the ABO system analysis of the appellant's blood. The appellant's and the victim's blood type differed, with appellant being type O and the victim type A.
Appellant contends that he was custodially questioned by Deputy Randy Forrester without the benefit of a second Miranda
warning, and hence the trial court's failure to exclude his statement to Forrester was reversible error. This issue has not been preserved for review, however, because appellant failed to object to the introduction of the evidence at trial. Murry v.State, 367 So.2d 985 (Ala.Cr.App.) cert. denied, 367 So.2d 989
(Ala. 1979). Even had appellant properly objected to the introduction of the evidence, his complaint still would have been for naught. The evidence clearly shows appellant was given his Miranda rights by Officer Hancock, and that appellant stated he understood his rights and was willing to talk with the officers. Appellant's statement to Deputy Forrester occurred not later than three and one-half hours after theMiranda warnings were given to him by Officer Hancock. This court has repeatedly rejected the proposition that the failure to repeat the Miranda warnings before each separate interrogation, when the same has once been given and a waiver made, precludes the admission into evidence of any inculpatory response. Smoot v. State, 383 So.2d 605 (Ala.Cr.App. 1980). Whether the Miranda warning must be repeated depends upon the facts of each individual case, with the lapse of time and the events which occur between interrogation being relevant factors to consider. Smoot, supra; Jones v. State, 47 Ala. App. 568,258 So.2d 910 (1972). Neither the time lapse nor the events occurring in the intervening time period were excessive or so out of the ordinary as to have required repetition of theMiranda warnings. Love v. State, 372 So.2d 414 (Ala.Cr.App. 1979).
Appellant contends that the fifty-year prison sentence imposed by the trial judge for his conviction of rape in the first degree was excessive, and thereby cruel and unusual punishment. § 13A-6-61 (b) Code of Alabama 1975 designates rape in the first degree as a Class A felony. Class A felonies are punishable by prison terms of life or not more than 99 years or less then 10 years imprisonment. § 13A-5-6 (a)(1) Code of Alabama 1975. Where punishment is properly imposed within the limits defined by the punishing statute, this court is without jurisdiction to review the punishment. Brown v. State,392 So.2d 1248 (Ala.Cr.App. 1980), 392 So.2d 1266 (Ala. 1981).
No error injurious to the substantial rights of appellant having been demonstrated, this case is affirmed.
AFFIRMED.
All the Judges concur. *Page 1284