## Sumner *v.* Cooke.

*Detinue for Watch and Chain.*

*Competency of wife as witness for husband.* — In detinue against the husband, for a watch and chain, which his wife received from the plaintiff in pawn or pledge, as a security for money loaned by her to him, his wife is a competent witness for the defendant, to prove what contract she made with the plaintiff, and that she acted as her husband's agent in making it.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JAMES Q. SMITH.

RICE, JONES, & WILEY, for appellant.

SANFORD. & MOSES, *contra.*

B. F. SAFFOLD, J. — The appellee sued the appellant in detinue, to recover a watch and chain, with some trinkets attached, which she gave to his wife, in pledge or pawn for fifty dollars borrowed. The defendant offered his wife as a witness for him generally, and especially to prove what contract she made with the plaintiff, and that she loaned the money as his agent. The court ruled that she was an incompetent witness in the case, because of her relationship to the defendant.

The competency of husband and wife to prove the agency of either for the other, in suits by or against them, is explicitly declared in *Robison* v. *Robison*, 44 Ala. 227, and *Lang* v. *Water's Adm'r*, 47 Ala. 624. Section 2704 of the Revised Code relieves the incompetency, so far as affected by interest, or being a party to the suit. The only remaining disability, in civil cases, arises from the unity and confidence of their relation. It would be as wrong to make them reveal their private conversations, as admissions against interest, as it would be to charge them with their thoughts. The line of separation between the testimony which they may or may not give, as affected by this consideration, is incapable of expression definite enough for a rule. The circumstances of each case must afford the test of admissibility, and, in almost every instance, they will give plain and correct indication.

In this case, no advantage to the defendant is shown, which, if reversed, would entitle him to object to the witness. No greater danger exists of disturbing the relation, or of biasing the testimony, than in the case of parent and child. Besides, it cannot be that truth and domestic peace are incompatible, or that they are better cherished under a suppression of testimony than as the fruits of virtue.

The judgment is reversed, and the cause remanded.