| 67 | 575 |
| 137 | 593 |

# Miller, Adm'r, *v.* King.

### *Action on a Promissory Note.*

1.　*Testimony of husband and wife, for or against each other.*—Husband and wife are competent witnesses for or against each other, when not required to disclose confidential communications.

2.　*Proper action, when goods or choses in action are, by a wrong-doer, subsequent to his tort, converted into money.*—When goods or choses in action are converted by a wrong-doer into money, subsequent to the tort, giving the cause of action, the owner may waive the tort and recover in assumpsit the money received.

3.　*Same ; when not converted into money.*—Trover lies to compel a delivery of a note improperly obtained, if on demand delivery is refused ; but in this

case, not having used the note as money, having converted it simply, there is no ground on which the law can raise a promise to pay money for the conversion.

APPEAL from Selma City Court.

Heard before Hon. JONATHAN HARALSON.

Miller, the appellant in this cause, was the administrator of the estate of Elizabeth H. Mitchell. On the first day of August, 1858, Elizabeth Mitchell loaned to defendant, King, one thousand dollars in currency of par value, with gold in return, for which loan the defendant made the plaintiff a promissory note for the sum of eleven hundred and thirteen 33–100 dollars, payable on the first day of January, 1860. The testimony was conflicting as to whether the defendant renewed the note on January 1, 1860. The defendant stated that mention was made of a renewal, but that no renewal was ever made. The defendant introduced testimony tending to show that, in the spring of 1863, he gave his wife five hundred ($500) dollars in Confederate treasury notes, to be paid to the plaintiff, Elizabeth Mitchell. The receipt for this payment, signed by Elizabeth Mitchell, had been lost, and defendant offered to prove the payment by his wife, and the court allowed her to testify to the fact. The testimony of the defendant tended to show that the remainder due on his note was paid by him to an authorized agent of plaintiff in Confederate States bonds, and that this was done with the consent and approval of the plaintiff. The note was thereupon taken up and destroyed by defendant. The testimony of plaintiff tended to show that her consent was never given to the payment of the note in the manner the defendant paid it; that she refused always to accept Confederate States bonds in discharge of the debt, and that she had never made a subsequent ratification of her agent's act in surrendering defendant's note for cancellation or destruction.

LAPSLEY & NELSON, for appellant, with whom was THOS. H. WATTS, SR.

PETTUS, DAWSON & TILLMAN, and BROOKS & ROY, for appellee.

BRICKELL, C. J.—1. The statute removing interest as disqualifying a witness, on abolishing incompetency because of the relation of parties to suits, very soon after its enactment, was construed as rendering husband and wife competent witnesses for or against each other, when they were not required to disclose confidential communications.—*Robinson v. Robinson*, 44 Ala. 234; *Lang v. Walters*, 47 Ala. 625; *Rowland v. Plummer*, 50 Ala. 193; *Sumner v. Cooke*, 51 Ala. 521;

[Holmes v. Richards.]

*Chapman v. Holding*, 60 Ala. 533. Subsequent to the larger number of these decisions, the statutes were revised, and there was no alteration or change made in the statute referred to; and of consequence, it must be taken that it was re-enacted with a knowledge of the repeated construction it had received, from which we cannot now depart.

2. When goods, or choses in action, are by a wrong-doer converted into money, the owner may waive the tort, and recover the money received.—1 Brick. Dig. 150, §§ 227–29. The rule applies, however, only when subsequent to the tort, which, of itself, gave a cause of action, there has been the reception by the wrong-doer of money, or that which he received as the equivalent of money, for the property of the plaintiff. If the appellee improperly obtained possession of his note from Mrs. Mitchell, trover for its conversion could have been supported against him, if on demand he had refused to deliver it. And if he had subsequently used it as money in any transaction, the conversion could have been waived, and assumpsit for the money, the amount for which he had used it, could have been supported. But, not having used it as money—simply having converted it, there is no ground on which the loan can raise a promise to pay money for its conversion.

Affirmed.