[Bettis v. McNider.]

# Bettis *v.* McNider.

*Action for Money had and received.*

1. *Effect of assignment of dower; widow entitled to rents of land
    assigned.*—After dower is assigned, the widow's seizure re-
    lates back to the date of the death of the husband, and the
    widow is entitled to the rents of the land collected prior to
    the assignment of dower and also the rent falling due after
    the assignment.

2. *Same; same; not destroyed by transfer.*—Where, prior to the
    assignment of dower, the administrator of the intestate's es-
    tate rents the land, taking the tenant's obligation for the de-
    livery of cotton, and he transfers this obligation, the trans-
    fer of the tenant's obligation by the administrator prior to
    the assignment of dower, does not operate to defeat the wid-
    ow's right to the rent of the lands assigned to her as dower;
    and after the assignment of dower the widow can maintain
    against the transferee, to whom the cotton had been delivered
    and who had sold the cotton, an action for money had and
    received.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN C. ANDERSON.

This was an action for money had and received,
brought by the appellant, Edna T. Bettis, a widow,
against the appellee, S. J. McNider, to recover the pro-
ceeds of five bales of cotton, the same being rent of
lands assigned to plaintiff as dower, for the year in
which the same was assigned to her and which rent ac-
crued subsequent to the assignment. The defense set
up was that the defendant bought the rent note from
the administrator, in the same year, and prior to the
time when dower was assigned, and paid value for it
wothout notice of plaintiff's claim.

The case was tried upon the following facts,
which were admitted: The plaintiff was the wid-
ow of Thomas J. Bettis, deceased. Dower was alloted

to the plaintiff out of the lands of her deceased husband's estate, and the report of the commisioners allotting the same was duly and regularly confirmed by the probate court of Marengo county, Alabama, on the 20th day of April, 1901. At the time of the allotment and confirmation, the dower land was occupied by Math Taylor, who held the same under a contract made with T. J. Bettis, as administrator of the said etsate, for the year 1901, by which he agreed to pay five bales of cotton as rent of said land for the year 1901. Math Taylor raised the five bales of cotton on the dower lands during the year 1901, and delivered them to the defendant in January, 1902. The rent note of Taylor had been transferred to the defendant by the administrator prior to the allotment of dower to plaintiff. The defendant knew at the time he received the rent note from Thomas J. Bettis, administrator, that the land for the rent of which the note was given was the land of the estate of Thomas J. Bettis, deceased, and that the plaintiff in this suit was his widow, and knew that no dower out of the lands of said deceased had ever been assigned to his widow, the plaintiff. Said Sion J. McNider is a step-son-in-law of the plaintiff, and a brother-in-law of the said Thomas J. Bettis, administrator. Plaintiff notified defendant of her claim to said cotton and demanded it prior to the time he sold it, and also notified him that it grew on her dower land during the year 1901. The defendant, prior to the commencement of this suit, sold the five bales of cotton, and received $172.60 therefor.

The court refused to give the general affirmative charge requested by the plaintiff, and gave the general affirmative charge requested by the defendant. To each of these rulings the plaintiff separately excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the court upon the charges requested, to which the plaintiff excepted.

WILLIAM CUNNINGHAME, for appellant.—Dower is given by law to the widow for the sustenance of herself and the nurture and education of her children.—*Boyd*

[Bettis v. McNider.]

*v. Harrison,* 36 Ala. 533; *Perrine's Executors v. Perrine,* 35 Ala. 644.

The heirs could not maintain an action against the administrator for the rents which he received, while the widow was entitled to the possession of the premises. *McLaughlin v. Godwin,* 23 Ala. 846.

On the other hand, the widow has a right to the rents which accrued while she was entitled to the possession, and the administrator must be considered as holding them for her, and she can recover them by suit at law, from him or any other persons.—*Inge v. Murphy,* 14 Ala. 289; *Oakley v. Oakley,* 30 Ala. 132-3; *Boynton v. Sawyer,* 35 Ala. 497; *Price v. Pickett,* 21 Ala. 741; *Callahan v. Nelson,* 29 So. Rep. 555.

If the widow occupies her husband's last dwelling house until her dower is assigned under the privilege secured by the statute she does not thereby forfeit or impair her right to recover one-third of the rents and profits which accrued during the continuance of her possession from the other lands subject to her dower.—*Perrine's Executors v. Perrine,* 35 Ala. 644.

DAVIS & GUNN, *contra.*—The widow has no legal estate or interest in the lands of the deceased husband until a specific part of the lands is alloted to her as a dower estate; her interest until then being equitable in its very nature—a right lying in action.—*Reeves v. Brooks,* 80 Ala. 26.

A widow cannot maintain an action at law to recover the rents or mesne profits accruing from the lands assigned her as dower from the death of her husband to the allotment of dower.—*Inge v. Murphy,* 14 Ala. 209; *Shelton v. Carroll,* 16 Ala. 148; *Waters v. Williams,* 38 Ala. 680.

In the present case the widow's right to dower had become consummated by the death of her husband, but it was not previous to the assignment thereof an estate or freehold in the lands of her husband, but a mere right or chose in action, and she is not entitled, before assignment, to enter upon the lands without the consent of the heirs or to bring ejectment therefor.—*Weaver v. Crenshaw,* 6 Ala. 873; *Smith v. Smith,* 13 Ala. 329.

TYSON, J.—This is an action for money had and received, brought by plaintiff against defendant for the proceeds of the sale of five bales of cotton, received by the latter from a tenant after the plaintiff's dower in the land on which the cotton was grown had been assigned to her. Prior to the assignment of dower, the administrator rented the land, taking the tenant's obligation for the delivery of the cotton which he transferred to the defendant. The chief important question presented is, did the transfer of the tenant's obligation to defendant by the administrator prior to the assignment of dower operate to defeat the plaintiff's right to the rent? Prior to the assignment of dower, a widow has no such title to the land as will support an action at law against an administrator or heir for rents collected. Her remedy in such case is in equity. And upon proper bill she may recover them of the administrator or heir from the date of the death of the husband to the date of the assignment.—*Watts v. Williams*, 38 Ala. 680; *Slater v. Meek*, 35 Ala. 538; *Perrine v. Perrine*, Ib. 644; *Beavers v. Smith*, 11 Ala. 32; *Tillman v. Spann*, 68 Ala. 102, 107. After assignment, the widow is invested with a life estate in the lands set apart to her.—Code, § 1522. She immediately becomes seized for life of a freehold estate and has the same absolute ownership and control of the lands assigned as though her title had accrued by deed or will. The assignment, however, is not a conveyance, but the dowress, by intendment of law, is in by her husband.

The only object to be accomplished by the assignment is to give the widow a right of entry and to define the boundary of her possession; the allotment conferring upon her no new right to the land. And after the dower is assigned, her seizure relates back to the date of the death of her husband, and the antecedent seizure of the heir which took effect on the death of the husband is considered as never having had an existence, and she is in contemplation of law the immediate successor in title of the husband.—10 Amer. & Eng. Ency. of Law (2d ed.), p. 152.

In *Boyd v. Hunter*, 44 Ala. 705, upon bill filed by a widow, after dower assigned, against the administrators

of her husband's estate and the tenants to whom they had rented the land prior to the allotment of dower, but whose obligation to pay the rent matured after dower was assigned, a recovery was allowed for the rents of the land collected by the administrators prior to the assignment of dower, and also for the rent falling due after the assignment. From this statement it will readily be seen that one of the questions presented was, which of the two, the dowress or administrators, had the better right to rents accruing after the dower had been assigned. As indicated above, the decision was in favor of the widow. The court after affirming the right of the widow to the rents collected by the administrators, said, in part, on this point: "It is further objected that Riggs and Hunter (the tenants) are liable at law, if at all, for the rents accruing after allotment of dower. These rents could certainly have been recovered in an action at law, but as the jurisdiction of equity had attached, that court will complete justice between the parties by settling a mere matter of account.  *  *  *  *  There would be more force in this objection if the assignment of dower *per se* evicted the tenant. But although as soon as the premises have been set out and assigned to the wife, and the allotment confirmed by the court, the freehold vests in her by virtue of her husband's seizure and her estate is a continuation of his by appointment of law, the tenant is not required to be ousted.  *  *  *  Whether or not the tenants were at liberty to relinquish possession of any part of the dower interest on its assignment, there is no evidence that they did so. They were liable for the rent, which accrued during their possession." The continuation of the possession by the tenant after the plaintiff's right of entry accrued, notwithstanding he went into possession under the administrator, converted him into a tenant of the plaintiff, and that without attornment.—*Mills v. Clayton*, 73 Ala. 359. This principle in no wise conflicts with the familiar rule which prohibits the tenant from denying the title of the landlord, in any proceeding instituted by the latter, for the recovery of rent or possession, but comes within the exception that a tenant may always show that, since the inception of the lease, the title of the land-

lord has been extinguished or has passed from him, either by his own act or by operation of law.—*Davis v. Williams,* 130 Ala. 534. The administrator's right to the possession of the lands of the intestate, being subordinate to the plaintiff's right of dower, he could never acquire any title as against her to the rents arising from that portion assigned as dower. This being true, he was powerless to convey a superior title to the rent to another by a transfer of the tenant's obligation. Furthermore, the obligation or contract in this case shows on its face that it was given for rent of lands belonging to the estate of the plaintiff's husband. The defendant, as assignee of it, being chargeable with the knowledge of the uncertainty of the administrator's tenure, the right of the plaintiff to an allotment of dower, when assigned that she would be entitled to the possession of the land, and of the liability of the tenant to her if he remained in possession, instead of to the holder of his contract for rent, can not invoke the benefit of the doctrine of *bona fide* purchaser for value. In short, whatever title the defendant took by the transfer of the rent contract, he acquired subject to be defeated by the exercise of the right of the widow to dower, and this he was bound to know. He having no enforceable demand against the tenant, no title to the cotton which he received and converted, since it belonged to the plaintiff, he is a tort feasor. But the plaintiff could waive the tort and bring and maintain this action against him for the proceeds of the cotton received by him from its sale. He has money which *ex equo et bono* belongs to plaintiff. *Miller v. King,* 67 Ala. 575; *Steiner v. Clisby,* 103 Ala. 181; 2 Ency. of Pl. & Pr. p. 1022.

Reversed and remanded.