We granted the state's petition for writ of certiorari because it was asserted the the Court of Criminal Appeals,353 So.2d 520, wrongly decided a case of first impression.
That court held that the trial court erroneously allowed the defendant's ex-wife to testify, over the defendant's objection, to (1) a telephone conversation between the defendant and a third party accomplice which was overheard by the ex-wife; and (2) that on the day following the fire for which the defendant was convicted of arson, she and the defendant drove his mother's car by the burned house to view the *Page 526 
damage. The Court of Criminal Appeals held that the marital privilege for confidential communications existed independently from the statutory disqualification under Title 15, § 311, Code of Alabama, and held that the ex-wife's testimony in both instances was inadmissible under the privilege, reversing the trial court.
At common law, the courts of Alabama have recognized two forms of the marital exemption — the rule of incompetency and the privilege against disclosure of confidential communications. Owen v. State, 78 Ala. 425 (1885); Sumner v.Cooke, 51 Ala. 521 (1874). Each form was designed to protect a particular aspect of the marital relationship and the application of each was governed by different rules. The rule of incompetency protected the harmony of the marriage, reflecting the age-old repugnance for the idea of convicting a man by his wife's testimony. On the other hand, the privilege of confidentiality protected the privacy of the marriage — the rights of the individual partners to the marriage rather than the institution of marriage itself. Comment, Questioning theMarital Privilege: A Medieval Philosophy in a Modern World, 7 Cum.L.Rev. 307 (1976). The two existed simultaneously, but independently, at common law. On September 28, 1915, the Alabama Legislature abolished the rule of incompetency and adopted the present statutory language which allows the spouse to testify voluntarily:
 "The husband and wife may testify either for or against each other in criminal cases, but shall not be compelled to do so." Title 15, § 311, Code of Alabama.
Statutes in derogation or modification of the common law are strictly construed. Cook v. Meyer, 73 Ala. 580 (1883). Such statutes are presumed not to alter the common law in any way not expressly declared. Pappas v. City of Eufaula, 282 Ala. 242, 210 So.2d 802 (1968). Title 15, § 311, makes no mention of the common law privilege for confidential communications between husband and wife and can have no effect on the independent nature of that privilege. The Court of Criminal Appeals correctly held.
While Title 15, § 311, and the privilege for confidential marital communications are animals of the same species, in that they both protect the marriage, each is a different variety of that species. § 311 protects the witness, testimony may be given voluntarily despite the defendant's objection so long as it does not pertain to confidential matters. McCoy v. State,221 Ala. 466, 129 So. 21 (1930). The spouse is incompetent as a witness until that voluntary election to testify is made and the right not to testify waived. De Bardeleben v. State,16 Ala. App. 367, 77 So. 979, affirmed, 201 Ala. 523, 78 So. 877
(1918). The witness and the defendant must be married at the time the testimony is sought before the statute will apply. Wigmore on Evidence, Vol. II, § 610 (McNaughton Rev. 1961). The privilege for confidential communications, however, belongs to the communicating spouse, and he or she may prevent the other spouse from testifying to any conversation or action performed in the privacy of the marriage. Cooper v. Mann, 273 Ala. 620,143 So.2d 637 (1962). And while the communication must have taken place during the marriage, there is no requirement that the witness and the defendant must be married at the time the testimony is elicited. The privilege protects the confidences of the individual partners to the marriage, and will continue to exist as it pertains to statements made during the marriage even after the marriage is terminated by death or divorce of the spouses. Owen v. State, supra. Wigmore on Evidence, Vol. VIII, § 2341 (McNaughton Rev. 1961).
In the instant case, the rule enunciated in Title 15, § 311, is inapplicable. Arnold and his wife are divorced and the statutory disqualification does not apply. The sole issue is the applicability of the privilege for confidential communications. By its nature, the privilege includes only those statements or acts made or performed by one party to the marriage in communicating with the other. It is the confidential nature of this day by day interchange between the husband and wife, made as a natural consequence of the peculiar *Page 527 
relationship of marriage, which falls within the proper scope of the privilege. F. Wharton, Criminal Evidence, Vol. III, § 826 (12th ed. R. Anderson 1955). It is this confidential nature which is implicit in any application of the privilege, and it is well-settled that a statement made in the presence of (or directed to) a third party lacks that requisite confidentiality between the spouses. Caldwell v. State, 146 Ala. 141,41 So. 473 (1906). The privilege does not operate to exclude from evidence testimony by one spouse concerning an overheard conversation between the other and a third party.
Arnold's telephone conversation with his alleged accomplice was not a confidential communication between a husband and wife. The fact that it was overheard by the wife does not transform it into a confidential communication between the spouses. To the contrary, it was a communication between the husband and a third party. In this instance, the Court of Criminal Appeals was in error. On the other hand, as held by the Court of Criminal Appeals, the act of driving the automobile by the burned dwelling should be categorized as a communication between husband and wife and is privileged. It was an act performed with the confidence of the marriage in mind, and as such should be excluded.
The Court of Criminal Appeals is reversed in holding that the testimony concerning the telephone conversation should have been excluded. It is affirmed in its ruling in all other respects.
REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES and BEATTY, JJ., concur.
BLOODWORTH, ALMON and EMBRY, JJ., dissent.