402 So.2d 1060 (1981)
Ex Parte Douglas M. BILLINGSLEY.
(Re: Douglas Billingsley v. State of Alabama).
79-691.
Supreme Court of Alabama.
May 8, 1981.
Rehearing Denied July 10, 1981.
B. Greg Wood of Love, Love, Lawrence & Wood, Talladega, for petitioner.
*1061 Charles A. Graddick, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for respondent.
TORBERT, Chief Justice.
At issue is whether a prosecutor may comment on a defendant's failure to call his spouse to testify where it appears the spouse's testimony would be probative on the question of defendant's guilt or innocence. We hold that such comment is improper.
Defendant/petitioner was convicted of second degree murder and sentenced to twenty years' imprisonment. The Court of Criminal Appeals affirmed. As one basis for its decision, the Court of Criminal Appeals held that a spouse is a competent witness until he or she elects not to testify. The court reasoned that, since the spouse is competent and is presumably biased in favor of his or her defendant spouse, the prosecutor may comment on defendant's failure to call the spouse. Billingsley v. State, [MS. April 22, 1980] 402 So.2d 1052 (Ala.Crim.App.1980). We granted certiorari to resolve the apparent conflict between the opinion of the Court of Criminal Appeals and cases such as Arnold v. State, 353 So.2d 524 (Ala.1977); Holyfield v. State, 365 So.2d 108 (Ala.Cr.App.), cert. denied, 365 So.2d 112 (Ala.1978); and DeBardeleben v. State, 16 Ala.App. 367, 77 So. 979 (1918).
Detailed recitation of the facts is unnecessary. However, it appears that defendant's wife was with him (or close by) when the alleged murder occurred. At trial, neither the prosecution nor the defense called defendant's wife to testify. Over defendant's objection, the trial court allowed the prosecutor in his closing argument to comment at length about defendant's failure to call defendant's wife as a witness. On appeal, the Court of Criminal Appeals held that the trial judge's ruling was proper.
At common law a spouse was incompetent to testify either for or against a mate. Holyfield v. State, 365 So.2d 108 (Ala.Crim.App.), cert. denied, 365 So.2d 112 (Ala.1978). The Alabama legislature enacted a statute, however, which modified the common law by providing that a spouse may elect to so testify. See, Code 1975, § 12-21-227. The election is made by the witness-spouse and the defendant-spouse can in no way compel or prevent the testimony. Holyfield v. State, 365 So.2d 108 (Ala.Crim.App.), cert. denied, 365 So.2d 112 (Ala.1978). Alabama appellate courts have construed the statute as abrogating the common law to the extent that a spouse becomes a competent witness only after electing to testify. See, Arnold v. State, 353 So.2d 524 (Ala.1977); Holyfield v. State, 365 So.2d 108 (Ala.Crim.App.), cert. denied, 365 So.2d 112 (Ala.1978); DeBardeleben v. State, 16 Ala.App. 367, 77 So. 979 (1918). Defendant's wife, not having elected to testify, was an incompetent witness. Thus, it was error to allow the prosecutor to draw an adverse inference from defendant's failure to call her. See, 88 C.J.S. Trial § 184 p. 364 (1955).
REVERSED AND REMANDED.
MADDOX, FAULKNER, JONES, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
ALMON, J., concurs specially.
ALMON, Justice, concurring specially.
I concur with the majority opinion, and only mildly quibble with the use of the word "competency" rather than the word "privilege."
At common law, a husband and wife could not testify against each other, and were thus considered incompetent as a matter of law. The statute, Code 1975, § 12-21-227, removed this incompetency and at the same time granted either spouse the privilege of testifying or not against the other as they chose.