TYSON, Judge.
The State of Alabama appeals from the pre-trial order of the Circuit Court of Es-cambia County, Alabama, granting Sandra Dawn Browder’s motion to suppress certain statements which had been made by her to her former husband who is now deceased, one John Douglas Maddox, Jr.
This is a second appeal of a pre-trial order involving the issue of certain statements allegedly made by Sandra Dawn Browder to her former husband to whom she was married at the time of making the statements while he was confined in a hospital bed. See this court’s opinion in State v. Browder, 486 So.2d 504 (Ala.Crim.App.1986).
In our prior opinion we noted “[t]he court found that the defendant and Maddox were legally married on September 13, 1979; the alleged offense occurred on October 13, 1979; and the communications and acts in question took place during the marriage and were confidential communications.”
The trial court then held that the defendant, Browder, had properly exercised her legal right to claim the privilege of confidentiality between herself and her former husband. The trial court initially relied on Arnold v. State, 353 So.2d 524 (Ala.1977) in reaching that decision
This court in its opinion in Browder, supra, overruled this determination and stated as follows:
“In United States v. Neal, 743 F.2d 1441, 1446 (10th Cir.1984), cert. denied, [470] U.S. [1086], 105 S.Ct. 1848, 85 L.Ed.2d 146 (1985), the court stated
‘If ... the spouse who did not conspire to or participate in the commission of the crime nevertheless thereafter, with knowledge of the fact that the other spouse did commit the crime, actively, by overt acts, participates in the “fruits” of the crime or “covers up” evidence thereof by any means, then the marital communications privilege does not apply to protect the spouse who committed the crime from voluntary incriminating testimony of his spouse who actively participated as an accessory-after-the fact.’ “We agree with the decision reached in Neal and adopt this language for guidance in this and future cases. The testimony of Maddox clearly reveals that he helped the defendant destroy the jacket and dispose of the pistol. Therefore, the confidential communications privilege cannot be invoked to protect Browder, who allegedly committed the crime, from the voluntary incriminating testimony of Maddox. Once Maddox became a participant in the crime, albeit after the fact, all communications between husband and wife pertaining to the crime were admissible and not subject to the confidential communications privilege. In our view Maddox became a participant in the crime concurrent with Browder’s statement that she had killed Baber, and her act of throwing the money on his chest. Maddox’s participation is evidenced by his admitted overt acts of aiding Brow-der in disposing of physical evidence of the crime. The statement made by Browder at the hospital two days prior to the killing was a confidential communication protected by the privilege. There is nothing in the record before us to sug *1042 gest that Maddox encouraged, acquiesced in, or aided Browder’s acts in any way, until after the alleged murder occurred. Therefore, only those communications which occurred after Maddox became a participant in the crime are admissible.
“We are of the opinion that the so-called ‘crime-fraud’ exception to the confidential communications privilege is based on sound logic and reason. The privacy interests which the privilege seeks to protect will not be hindered; and the exception will further the public’s interest in ascertaining the truth in order that justice may be properly served.”
The issue now before this court is from, in pertinent part, the following order of the circuit court through a special circuit judge granting Browder’s motion to suppress as to the statements made to Maddox which were the subject of the
"...
“6. That John Douglas Maddox, Jr. died while confined at the Escambia County, Alabama jail during the month of September, 1986, pending his trial for the murder of Timothy Baber under an indictment returned by the Grand Jury of Escambia County, Alabama. That the Defendant Browder is likewise charged by indictment with the death of Timothy Baber.
“7. That the State wishes to introduce the transcribed testimony of John Douglas Maddox, Jr. taken on June 6,1985, at the criminal trial of Sandra Dawn Brow-der which was scheduled for trial in Es-cambia County, Alabama during the week of October 6, 1986. The Defendant objects to the introduction of such testimony and has properly filed a motion to suppress this evidence.
“8. That the issues presented at the June 6, 1985 pre-trial evidentiary hearing were substantially different from the broad issues to be presented on the criminal trial of Sandra Dawn Browder. This Court further finds that cross examination of the witness Maddox was properly limited by the trial court in its scope solely to the issue of marital privilege.
“Based upon all of the foregoing, including a transcript of the evidence presented on June 6, 1985, the Court is convinced that it would be error to allow the State of Alabama to present in evidence the transcript of such proceedings. It is, accordingly,
“ORDERED and ADJUDGED that Defendant’s motion to suppress be granted but that the State of Alabama, if it so elects, retains such rights as are provided by Rule 17 of the Alabama Rules of Criminal Procedure as relate to a pre-trial appeal by the State.
“Done this 24 day of September, 1986.
“s/s William H. Baldwin
Special Circuit Judge”
(R. 34-35).
I
The State of Alabama in brief indicates that, subsequent to the issuance of this court’s opinion in Browder, supra, the appellant’s ex-husband, Máddox, has died while in jail. The defendant, Browder, now wants to suppress the testimony given by her now deceased former husband in the proceeding conducted pursuant to her original motion to suppress.
The State in its brief in the instant appeal states as follows:
“In the motion to suppress that is the subject of this appeal, the defendant stated that the testimony should be suppressed based on the following reasons:
“1. the testimony was inadmissible hearsay; and
“2. the issues presented at the hearing where this testimony was taken are different and distinct from the broad issues to be presented to the Court and jury in the trial of the case.
“The Appellant submits that the defendant did not allege the proper grounds in his motion as set forth by the United States Supreme Court in Mancusi v. Stubbs, 408 U.S. 204, 33 L.Ed.2d 293, 92 S.Ct. 2308 (1972), and followed in Alabama in Yarber v. State, 437 So.2d 1319 *1043 (Ala.Crim.App.1981), (rev’d on other grounds), Ex parte Yarber, 437 So.2d 1330 (Ala.1983).
In applying the criteria set forth in Mancusi v. Stubbs, 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972), this court has carefully examined the record in the instant cause, as well as the transcripts of the testimony in the original proceeding in the trial court and find that, in fact, the cross-examination of the now deceased former husband, Maddox, was restricted to the fact vel non of the marital relationship.
Since the transcript of the proceedings below indicate that Browder’s counsel was able only to cross-examine the deceased witness with reference to the marital relationship, and not the full extent of Maddox’s participation in the alleged offense at issue, i.e., the murder, it is clear that full cross-examination and confrontation were denied Sandra Dawn Browder in the proceeding in circuit court.
It is true that the deceased, Maddox, was confronted with his testimony concerning the marital relationship, but the trial court sustained objection as to whether or not others participated with him in the offense at issue.
In view of the foregoing, this court points out that our prior opinion simply dealt with the cross-examination as to the marital relationship and was not intended, and did not hold, that there had been a full and complete cross-examination of Maddox with reference to the alleged criminal offense. For this reason we distinguish our prior opinion in State v. Browder, 486 So.2d 504 (Ala.Crim.App.1986).
In view of the foregoing, we hold that the trial judge in the instant cause was correct in determining that the issues are substantially different from the issues presented on the original cross-examination of the now deceased witness, Maddox. The trial court was further correct in noting that the examination of Maddox was limited in scope and related solely to the issue of the marital privilege.
For the foregoing reasons, the order and judgment in question is due to be and the same is, hereby, affirmed.
AFFIRMED.
All the Judges concur.