The majority admittedly changes the law by holding that a motion for mistrial is a substitute for an objection. The law prior to this time had unequivocally held that a motion for mistrial is no substitute for an objection. Hunt v.State, 453 So.2d 1083 (Ala.Cr.App. 1984); Farley v.State, 437 So.2d 639 (Ala.Cr.App. 1983).
It is obvious that counsel for the defendant, in his motion for mistrial, based his objection upon the failure of the State to produce in response to a pretrial request a "tacit admission" of the defendant. In my opinion, objections to the introduction of evidence should be specific enough that the trial judge knows upon what ground the objection is based. Clearly, a trial judge should not be put in error for overruling the motion for mistrial, which was based upon one legal ground, and have counsel for defendant argue on appeal an entirely different ground for the rejection of the evidence.
Based on these reasons, I must respectfully dissent.
KENNEDY, J., concurs.