COBB, Judge,
dissenting in part from unpublished memorandum.
I respectfully dissent, in- part, from the unpublished memorandum in this case. The majority concludes that the trial court did not err when it allowed the State, over the appellant’s objection, to impeach the appellant by questioning him regarding his prior record as a youthful offender. I disagree.
Hunt v. State, 453 So.2d 1083 (Ala.Cr.App.1984), upon which the majority relies, held that the exclusion of similar evidence was proper saying:
“Section 15-19-7(a), Code of Ala.1975, expressly provides that youthful offender determination shall not be deemed a conviction of a crime. Accordingly, such adjudication does not fall within the ambit of § 12-21-162(b) Code of Ala.1975, which *425 provides for the attack on a witness’s credibility by introduction of the witness’s conviction for a crime involving moral turpitude. See generally, Daniels v. State, 375 So.2d 523 (Ala.Cr.App.1979). Thus, the witness’s prior status as a youthful offender was properly withheld from the jury’s attention.”
453 So.2d at 1087.
Furthermore, if the majority is correct that the State could discredit the appellant by showing that he gave a false name due to his probationary status as a youthful offender, it was certainly improper for the State to go on to inquire as to the reasons the appellant was on probation, particularly when the underlying offense did not involve moral turpitude. See also McKinzy v. Wainwright, 719 F.2d 1525 (11th Cir.1983).