THOMPSON, Presiding Judge.
 

 Alan Keeton and Faye Keeton appeal from a summary judgment entered by the Geneva Circuit Court in favor of Kelly Company, LLC (“Kelly”). For the reasons stated herein, we affirm the trial court’s judgment.
 

 On September 18, 2008, Kelly filed an action against the Keetons seeking a declaratory judgment. Kelly alleged that it owned real property in the City of Geneva (“the City”) that abutted an undeveloped right-of-way known as Briarcliff Avenue (“the right-of-way”). It asserted that one of its predecessors in interest, the Kelly-Morris Development Company, had owned both the parcel that Kelly now owned and the property comprising the right-of-way. Kelly asserted that the Kelly-Morris Development Company had deeded the property comprising the right-of-way to the City in 1976 for use as a right-of-way but that the City had formally vacated that property in 2008. Kelly alleged that, at the time the City vacated the right-of-way, Kelly, as well as the Keetons, owned property abutting the undeveloped right-of-way. Kelly acknowledged that the general rule applicable to the vacation of a right-of-way is that the abutting landowners take the vacated property adjacent to their property to the centerline. However, Kelly sought a declaration that, because Kelly’s predecessor had owned the entire parcel comprising the right-of-way, Kelly was the rightful owner of the entire right-of-way.
 

 The Keetons filed an answer in which, among other things, they denied the material allegations of the complaint and asserted that, pursuant to § 23-4-2(b), Ala. Code 1975, they were entitled to a portion of the vacated right-of-way. In pertinent part, § 23^-2(b) provides that, upon the
 
 *1264
 
 vacation of a right-of-way, “[t]itle and all public rights, including the right to close the street, alley, or highway vacated, shall vest in the abutting landowners.” The Keetons also asserted that Kelly’s action was based on common law that had been legislatively overruled by § 23-4-2 and that, as a result, Kelly’s action was without substantial justification and was groundless in law. Thus, they asserted a counterclaim for an attorney fee pursuant to the Alabama Litigation Accountability Act, § 12-19-270 et seq., Ala.Code 1975.
 

 On December 29, 2008, the Keetons filed a motion for a summary judgment. They asserted that, because their property abutted the vacated right-of-way, the City’s vacation of the right-of-way had caused that property to vest in them from the centerline of the right-of-way to their property line.
 

 On February 2, 2009, Kelly filed a response to the Keetons’ motion as well as its own motion for a summary judgment. It argued that its predecessor in interest had supplied the property to the City for the right-of-way and that, as a result, upon the City’s vacation of that property, Kelly was entitled to fee-simple title to the entire property comprising the right-of-way. Kelly argued that the general rule that title to vacated property vests in abutting landowners was based on the abutting landowners’ having contributed equal amounts of land at the time the right-of-way was originally dedicated. Kelly argued that an exception to the general rule applied when all the property for the right-of-way was taken from only one of the owners of abutting property. In such a case, it argued, the owner of the abutting property who had contributed all the property for the right-of-way was entitled to retake fee-simple ownership of the entire right-of-way upon its vacation. In support of its motion, Kelly relied on
 
 State v. Mobile River Terminal Co.,
 
 898 So.2d 768 (Ala.Civ.App.2004). Kelly attached to its motion several deeds purporting to demonstrate that it was, in fact, the successor in interest to the entity that had originally provided all the property to the City for the right-of-way.
 

 On April 23, 2009, the trial court granted Kelly’s motion and entered a summary judgment in its favor. Relying on
 
 State v. Mobile River Terminal Co.,
 
 supra, it held that Kelly was the rightful owner of the right-of-way. Because the trial court’s judgment was silent as to the Keetons’ counterclaim for an attorney fee pursuant to the Alabama Litigation Accountability Act, we conclude that the trial court implicitly denied the Keetons’ counterclaim.
 
 See Casey v. McConnell,
 
 975 So.2d 384, 389 (Ala.Civ.App.2007) (indicating that a judgment’s silence on a counterclaim under the Alabama Litigation Accountability Act is interpreted, under Alabama precedents, “as an implicit denial of that counterclaim”). The Keetons filed a “motion for rehearing” on May 13, 2009, which we construe as motion to alter, amend, or vacate the summary judgment. That motion was denied by operation of law on August 11, 2009.
 
 See
 
 Rule 59.1, Ala. R. Civ. P.
 
 [1]
 
 The Keetons filed a timely appeal to this court, which transferred the appeal
 
 *1265
 
 to the supreme court for lack of subject-matter jurisdiction. The supreme court transferred the appeal back to this court pursuant to § 12-2-7(6), Ala.Code 1975.
 

 The Keetons contend that Kelly provided no evidence indicating that the City properly followed the statutory procedures, set forth in § 23-4-3(b), Ala.Code 1975, to vacate the right-of-way and that, as a result, the trial court erred in entering a summary judgment in Kelly’s favor. The Keetons did not make this argument to the trial court in opposition to Kelly’s summary-judgment motion. In fact, their own summary-judgment motion, in which they sought a judgment declaring that they were the proper owners of a portion of the right-of-way because of the City’s vacation of the righ1>of-way, presupposed that the City had properly vacated the right-of-way. A party cannot raise an issue for the first time on appeal.
 
 Andrews v. Merritt Oil Co.,
 
 612 So.2d 409, 410 (Ala.1992). As a result, we will not consider the merits of this contention.
 

 The Keetons also contend that, based on § 23-4-2(b), they were entitled to ownership of a share of the vacated right-of-way equal to Kelly’s share of the vacated right-of-way. The Keetons point out that this statute was amended, effective July 1, 2004, to provide, among other things, that, upon vacation of a right-of-way, “[tjitle and all public rights, including the right to close the street, alley, or highway vacated, shall vest in the abutting landowners.” They acknowledge that, under common law predating the 2004 amendment of § 23-4-2, all the land constituting a dedicated right-of-way should be restored, upon vacation, to a landowner whose predecessors in title had owned all the property comprising the right-of-way before its dedication. However, they argue, the 2004 amendment to § 23-4-2 constituted a legislative overruling of that principle in favor of a rule requiring an equal vesting in all abutting landowners of the property comprising a right-of-way upon the vacation of the right-of-way.
 

 In
 
 State v. Mobile River Terminal Co.,
 
 supra, this court quoted
 
 Neil v. Independent Realty Co.,
 
 317 Mo. 1235, 298 S.W. 363 (1927), for the following proposition:
 

 “ ‘So it appears that the common-law rule to the effect that adjoining owners had title to the middle of the highway rested upon the presumption that they had contributed equally to the road, but if the facts showed the contrary the rule did not apply. In other words, the facts would govern rather than the mere presumption. Out of this grew the rule that if the highway is taken wholly from one man’s property and such highway is vacated, the land in fee reverts to the original owner, or his grantees, freed from the public use or easement.’ ”
 

 898 So.2d at 776 (quoting 317 Mo. at 1244, 298 S.W. at 366). The Keetons do not contend that, if the 2004 amendment to § 23-4-2(b) did not overrule the above-stated common-law principle, that principle would not, for other reasons, control the outcome of this case. For example, they do not contend that the evidence does not support Kelly’s assertion that, at the time of its creation, the right-of-way was carved out of property that was owned entirely by one of Kelly’s predecessors in interest. Instead, the thrust of their argument is
 
 *1266
 
 that the above-quoted common-law principle was overruled by the 2004 amendment to § 23 — 4—2(b).
 

 Our supreme court has written that “ ‘ “[sjtatutes in derogation or modification of the common law are strictly construed. ... Such statutes are presumed not to alter the common law in any way not expressly declared.” ’ ”
 
 Ex parte Key,
 
 890 So.2d 1056, 1060 (Ala.2003) (quoting
 
 West Dauphin Ltd. P’ship v. Cation Offshore Prod., Inc.,
 
 725 So.2d 944, 952 (Ala.1998), quoting in turn
 
 Arnold v. State,
 
 353 So.2d 524, 526 (Ala.1977)). As previously stated, the sentence added by the 2004 amendment to § 23-4-2(b) upon which the Keetons rely reads: “Title and all public rights, including the right to close the street, alley, or highway vacated, shall vest in the abutting landowners.” Although the Keetons contend that this language means that all the owners of land abutting a vacated right-of-way are entitled to a share of the right-of-way, running to the centerline thereof, we cannot construe the statute as requiring such a result, regardless of whether one or all of the abutting landowners originally contributed the property comprising the right-of-way. The statute does not expressly state that every abutting landowner is entitled to a share of a vacated right-of-way, it does not provide that the centerline of the right-of-way constitutes the appropriate dividing line between abutting landowners on opposite sides of the right-of-way, and, most importantly, it does not indicate the proportion of the right-of-way to which each abutting landowner is entitled. As a result, in applying the statutory amendment on which the Keetons rely, courts are still required to look to common-law principles in dividing a vacated right-of-way between abutting landowners. Because we fail to uncover any “express declaration” in the 2004 amendment altering the common law, we presume that the legislature did not intend to alter the common-law rules in place before the effective date of the 2004 amendment. Therefore, the Keetons’ contention that the rule of law stated in
 
 State v. Mobile River Terminal Co.,
 
 supra, has been legislatively overruled is without merit.
 

 Based on the foregoing, we conclude that the Keetons waived their first contention on appeal by failing to raise it in the trial court, and we find no merit in their second contention. As a result, we affirm the trial court’s summary judgment in favor of Kelly.
 

 AFFIRMED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . On September 3, 2009, the trial court purported to enter an order denying the Keetons' motion to alter, amend, or vacate the judgment, and, on September 23, 2009, the trial court entered a "certificate of final judgment” in which it purported to, among other things, certify its judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. Each of those orders was a nullity, however; the former because the time to rule on the motion had already expired,
 
 see Starr v. Wilson,
 
 11 So.3d 846, 850 (Ala.Civ.App.2008), and the latter because the
 
 *1265
 
 April 23, 2009, summary judgment was a final judgment and, after the time for ruling on the Keetons' postjudgment motion had expired, the trial court no longer had jurisdiction over the cause,
 
 see Colburn v. Colburn,
 
 14 So.3d 176, 178 (Ala.Civ.App.2009).